IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:22-cr-00151-ECM-SMD |
| | ) | |
| TORRANCE HILL | ) | |

**UNITED STATES' RESPONSE TO
SHOW CAUSE ORDER**

The United States of America hereby files this response to the court's order to show cause (Doc. 39) why Defendant's Supplemental Motion to Compel (Doc. 37) should not be granted.

Defendant has asked the court to order the Government to provide:

    a.    the name of the confidential informant ("CI") who introduced the Opelika Police Department to Walker;
    b.    the complete personal identifying information of Walker;
    c.    Walker's complete criminal history; and
    d.    Portions of proffer summaries from Walker and individuals regarding drug activities they were involved in and/or aware of.

Doc. 37 at 2.

**I.    THE NAME OF THE CI**

Defendant previously moved for disclosure of the CI. See Doc. 26. This court denied the motion. See Doc. 36. He now asks this court to reconsider its ruling because he "believes that the information held by the CI will support the defense that Hill was not a co-conspirator in the distribution of narcotics with Walker. Walker acted alone." Doc. 37 at 7. The Eleventh Circuit has stated that, "Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure. The defendant must show that the informant's testimony would significantly aid in establishing an asserted defense." United States v. Tenorio-

1

Angel, 756 F.2d 1505 (11th Cir. 1985). Defendant has failed to meet that burden. His claim that Walker "acted alone" is in contrast to the Government's evidence of electronic messages between Defendant and Walker which includes Defendant telling Walker, "I am going to need 4 of those clear when I get uptown." Clear is a commonly used slang term for crystal methamphetamine. Defendant also sent Walker an Amazon.com photograph of a one pound canister of Pure MSM Supplement for Horses. MSM is a commonly used cutting agent for crystal methamphetamine. Defendant and Walker also discuss tracking numbers and monetary amounts. The telephone number associated with Defendant's messages is the same number he provided to his federal probation officer in Georgia.

The Government has learned this week that Walker was "fronted" some methamphetamine by Defendant while he was also storing large quantities of methamphetamine for Defendant. It is the Government's understanding that Walker sold at least part of that "fronted" quantity in order to make some money for himself. At this time the Government is unsure as to whether the methamphetamine sold to the CS was part of Walker's "fronted" methamphetamine or was part of Defendant's stash which Walker kept hidden. Either way, Walker was in no manner acting alone.

In addition to the above response, the Government adopts and re-asserts its arguments made in Document 30. Defendant has filed to meet his burden.

## II.   PERSONAL IDENTIFYING INFORMATION OF WALKER

Defendant has requested Walker's "complete identifying information" without expounding on what that phrase means. The Supplemental Motion to Compel neglects to state that prior to its filing the Government provided one of Defendant's attorneys with Walker's birthdate and the last four digits of his social security number. The discovery in the case includes Walker's home and

2

business addresses as well as a copy of the Judgment filed in his previous federal criminal case. Defendant does not state what else he wants to know and specifically how that extra information will lead to the discovery of exculpatory evidence. The Government doesn't believe it was required by law to even disclose the information that it did, and, certainly, the law does not require further disclosure even if the Government knew what more the Defendant was actually requesting.

### III.   WALKER'S COMPLETE CRIMINAL HISTORY

The Government is aware that Walker has the following criminal convictions:

1. Phenix City Municipal Court, MC-2010-001190 – Domestic Violence 3rd (Assault)

2. Phenix City Municipal Court, MC-2011-000302 – Domestic Violence 3rd (Harassment)

3. Middle District of Alabama, 3:14-cr-00334-001 – Conspiracy to Defraud the Government With Respect to Claims (sentenced to 94 months' imprisonment)

The Government has reviewed Walker's presentence investigation report ("PSR") prepared for his 2014 federal case as well as a NCIC report ran for his current case. They show no other convictions. The only drug charges they show are ones which are still pending in Russell County that are related to this case and a 2006 misdemeanor marijuana charge from Muscogee County, Georgia that was dismissed. Additionally he was acquitted in 2000 of Breaking and Entering a Motor Vehicle / Theft of Property 3rd and arrested in 1999 when he was eighteen years old for Possession of Burglar's Tools in Phenix City which has no known docket number or accompanying court record. That covers every charge the Government is aware of concerning Walker. The Government cannot provide a copy of the PSR as it is a sealed court document. The Government would object to its release anyway as it contains confidential information and disclosure would be improper and unnecessary. The Government is willing to provide Defendant a copy of the NCIC report with information such as law enforcement numbers, sources of

information, and aliases redacted.

## IV. PROFFER SUMMARIES

Proffer summaries of two persons, including Walker, have been provided to defense counsel. Defendant seems to request unredacted versions of both but only makes an argument regarding Walker. The other individual, who will be referred to as "CS" to protect his identity in this public filing but whose identity Defendant is aware of, proffered regarding drug dealers he knows. Defendant is among those persons. The Government provided Defendant the portions of the proffer summary relevant to this case. The Government did not provide the portions which summarized CS's description of drug dealers who have no known connection to this case. CS was just telling law enforcement every drug dealer he could think of in order to see if law enforcement had further interest. Disclosure of that information will not assist Defendant in this case and will simply increase the risk to CS's safety as Defendant will know the names of every person whom CS willingly talked to the Government about.

Like CS, Walker also talked to the Government about drug dealers who have no known connection to Defendant. He named one person whom he knew to be a kilogram quantity cocaine distributor in Georgia and whom he had personally seen in possession of multiple kilograms of cocaine. He did not indicate that he had a drug buyer/seller relationship with that person. Disclosure of that information will not assist Defendant in this case and will simply increase the risk to Walker's safety. Additionally, Walker spoke of another person whom he knew who had gone to prison for selling drugs. The Government redacted a sentence from the paragraph summarizing that discussion but will provide that sentence to Defendant's attorneys today.

Respectfully submitted this the 2nd day of November, 2022.

                                        SANDRA J. STEWART
                                      UNITED STATES ATTORNEY

                                      */s/ Kevin P. Davidson*
                                      KEVIN P. DAVIDSON
                                      Assistant United States Attorney
                                      131 Clayton Street
                                      Montgomery, AL 36104
                                      Phone: 334-223-7280
                                      E-mail: kevin.p.davidson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 3:22-cr-00151-ECM-SMD |
| | ) |
| TORRANCE HILL | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

*/s/ Kevin P. Davidson*
KEVIN P. DAVIDSON
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: 334-223-7280
Fax: 334-223-7135
E-mail: kevin.p.davidson@usdoj.gov